
IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DONNA CATES COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 11-G-1168-S |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

The plaintiff, DONNA CATES COOPER, brings this action seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits. DONNA CATES COOPER filed an application for Social Security Benefits. Thereafter, plaintiff timely pursued and exhausted the administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations

omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  <u>Bloodsworth</u>, at 1239.  The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that proper legal standards were applied in reaching that decision.

In particular the court finds the ALJ's decision not to credit the physical capacity evaluation (PCE) of Dr. Gibson is reasonable and supported by substantial evidence.  A review of the record shows that Dr. Gibson never examined the plaintiff, rather she was seen on all of her visits by a nurse practitioner at the Fyffe Primary Health Center.  Additionally, on each of her visits to the Fyffe Primary Health Center after her initial evaluation, the plaintiff indicated she was not in pain, and there is no diagnosis from either Dr. Gibson, or her nurse practitioner, of any condition related to the plaintiff's alleged back pain.  The plaintiff testified, and the medical records confirm, that she took no prescription pain medications.  For these reasons, the ALJ's decision not to credit Dr. Gibson's PCE is supported by substantial evidence.  Accordingly, the decision of the Commissioner must be affirmed.

A separate order in conformity with this memorandum opinion will be entered.

DONE and ORDERED 6 October 2011.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.